## Case No. 11,121.

PICKERING et al. v. McCULLOUGH et al.

[3 Ban. & A. 279; 13 O. G. 818; Merw. Pat.
Inv. 677; 6 Reporter. 101; 25 Pittsb.
Leg. J. 157.] [1]

Circuit Court, W. D. Pennsylvania. May 13.
1878. [2]

PATENTS—ABANDONMENT—EFFECT OF SAME.

1. It is well settled that an abandonment of
the use of a mechanical structure which has been
perfected and the operative merit of which has
been demonstrated by trial, will inure to the
benefit of the public, and not to that of an origi-
nal but subsequent inventor.

[Cited in Brush v. Condit, 20 Fed. 835.]

2. Reissued letters patent No. 6,166, granted
to complainants, assignees of George Nimmo,
December 8th. 1874, for an improvement in
moulding crucibles, *held* void.

[This was a bill in equity by Arthur Pick-
ering and others against Michael McCul-
lough, Jr., and others, for the infringement
of letters patent No. 49,140, granted to G.
Nimmo August 1, 1865, reissued October 24,
1871, No. 4,608.]

[The plaintiffs were the owners of a patent
issued to one Nimmo for a machine for the
manufacture of plumbago crucibles, and they
alleged that the defendants were infringing
their patent. The defense showed that prior
to the patent a machine essentially the same,
and producing the same results, as that of
the plaintiffs', had been made and used for
about the space of a year at Kier's works, in
Pittsburg. The use of the machine had been
discontinued, and it was not produced at the
trial.] [3]

J. E. Maynadier and R. Robb, for com-
plainants.

Bakewell & Kerr, for defendants.

McKENNAN, Circuit Judge. In deciding
this case it is unnecessary to go beyond the
proofs presented by the respondents touch-
ing the existence and use of a machine at
Kier's works, in Pittsburg, for the manu-
facture of plumbago crucibles. That such
machine was constructed before the date of
Nimmo's patent is clearly established by the
proofs. That it was capable of successful
operation is the result of a decided prepon-
derance of the evidence. That it was so
constructed as to perform the distinguishing
function of Nimmo's machine—viz., the guid-
ance of the rib toward the axis of revolution
of the mould, so that it could be withdrawn
therefrom without touching the sides of the
mould—is manifest from the drawing pre-
pared from the description of those who op-
erated and saw the machine. In a word, in
the mechanical forces employed, in mode of
operation in so far as the essential feature

of Nimmo's machine is concerned, and in the
results produced, the machines are indistin-
guishable.

Why, then, is not the Kier machine an ef-
fectual anticipation of Nimmo's? The argu-
ment against this hypothesis is that it was
an abandoned experiment. But the proof is,
that it was a complete machine, that it op-
erated for nearly a year, that crucibles were
made upon it without any imperfection in
form, and that the rib was removed from the
mould by guiding it to the centre, and thence
withdrawing it without touching the sides.
True it is that it was not produced in evi-
dence, and that it was not shown what had
become of it. But these considerations tend
rather to discredit the testimony touching
the existence, construction and operation of
the machine than to impress upon it the
character of a mere experiment. If that tes-
timony is believed, there can be no doubt
that the machine was neither incomplete in
construction nor ineffective in adaptation to
the work for which it was intended.

And it is now too well settled to admit of
controversy that an abandonment of the use
of a mechanical structure which has been
brought to such a degree of maturity, and
whose operative merit has been demonstrat-
ed by trial, will inure to the benefit of the
public, and not to that of even an original
but subsequent inventor. Bedford v. Hunt
[Case No. 1,217]; Reed v. Cutter [Id. 11,645];
Gayler v. Wilder, 10 How. [51 U. S.] 498;
Coffin v. Ogden, 18 Wall. [85 U. S.] 124.
There is no sufficient reason to reject that
testimony, and the result necessarily is, that
the bill must be dismissed with costs.

[On appeal to the supreme court the decree
of this court was affirmed. 104 U. S. 310.
[For another case involving this patent. see
note to Pickering v. Phillips, Case No. 11,122.]